ORDERED in the Southern District of Florida on _____ JUN 1 0 2009



Erik P. Kimball, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.: 08-17501-BKC-EPK
                                                    Chapter 7
SHIRLEY JEAN KING,

    Debtor.
_____/
DEBORAH C. MENOTTE, Trustee in Bankruptcy
for Shirley Jean King,

    Plaintiff,
vs.
                                                    Adv.Proc.No.: 09-01592-BKC-EPK

SHIRLEY JEAN KING, HOMER KING,
AND JP MORGAN CHASE & CO.

    Defendant.
_____/

## ORDER GRANTING EMERGENCY EX-PARTE VERIFIED MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING TO CONSIDER PRELIMINARY INJUNCTION

RM:6437972:1

THIS MATTER came before the Court in West Palm Beach, Florida without a hearing on upon the Trustee's Ex Parte Verified Motion for Entry of Temporary Restraining Order and Scheduling Hearing to Consider Preliminary Injunction (the "TRO Motion"). The Court having reviewed the TRO Motion hereby

FINDS as follows:

1. This voluntary Chapter 7 proceeding was filed by the Debtor on June 5, 2008.

2. Just prior to filing TRO Motion, the Trustee filed an adversary proceeding against Shirley and Homer King for turnover of property pursuant to 11 U.S.C. §542, to avoid and recover post petition transfer pursuant to 11 U.S.C. § 549, to recover and avoid transfer pursuant to 11 U.S.C. §550, and sued Shirley King, Homer King, and JP Morgan Chase for injunctive relief (the "Complaint").

3. In conjunction with the Complaint, the Trustee also filed her *Ex-Parte* Verified Motion for Entry of a Temporary Restraining Order Scheduling Hearing to Consider Preliminary Injunction Hearing which alleged the following:

   a. The Defendant, Shirley King ("Debtor"), is over the age of 18 and is otherwise *sui juris*.
   
   b. The Defendant, Homer King, is over the age of 18, is the husband of the Debtor, and is otherwise *sui juris*.
   
   c. The Defendant, JP Morgan Chase & Co. f/k/a Washington Mutual Bank, F.A. ("JP Morgan Chase") is a Foreign Corporation registered to do business in Florida, is doing business in Palm Beach County, Florida and is otherwise subject to the jurisdiction of this Court.
   
   d. On or around June 3, 2008, the Debtor received a homeowners insurance check from State Farm Florida Insurance Company, in the amount of $33,422.66 ("Insurance Check"). Such funds are property of the Bankruptcy estate pursuant to 11 U.S.C. §541.
   
   e. On December 12, 2008, the Trustee filed her Motion for Turnover of the Insurance Check (DE #28).
   
   f. On January 29, 2009, the Debtor filed a Motion to Continue the Hearing on the Trustee's Motion for Turnover of the Insurance Check (DE #33).
   
   g. On January 30, 2009, the Court entered an Order Granting the Trustee's

      Motion for Turnover of the Insurance Check ("Order Granting Trustee's Turnover of Insurance Check") (DE #34).

h. On February 19, 2009, the Debtor filed a Motion to Reconsider the Court Order Denying the Motion to Continue Hearing on the Trustee's Motion for Turnover of Property (DE #41), whereby the Debtor wanted a continuance to prove that the Insurance Check also belonged to her husband.

i. On February 23, 2009, the Court denied the Debtor's January 29, 2009 Motion to Reconsider (DE #42).

j. On March 5, 2009, after a evidentiary hearing, the Court denied the Debtor's February 19, 2009 Motion to Reconsider (DE #47).

k. The Trustee has repeatedly sought turnover of the Insurance Check, beginning at the first meeting of creditors, and all dates thereafter.

l. On April 3, 2009, the Trustee's counsel conducted the Rule 2004 Examination of the Debtor. The Debtor informed the Trustee's counsel that she gave a portion of the funds from the Insurance Check to her husband, Homer King who may have had an account at Washington Mutual Bank. Washington Mutual Bank later became JP Morgan Chase.

m. The Debtor also testified at the Rule 2004 Examination that she deposited a portion of the funds from the Insurance Check into her account with Commerce Bank.

n. Based on the statements made by the Debtor that Homer King had an account at Washington Mutual Bank, on April 17, 2009, the Trustee's counsel issued a subpoena on Washington Mutual Bank for any and all bank statements and cancelled checks for all accounts in the name of Shirley and/or Homer King.

o. Pursuant to the records provided by JP Morgan Chase, the Debtor and Homer King hold a joint checking account with that bank.

p. The joint checking account at JP Morgan Chase was never disclosed on the Debtor's Schedules. Further, the Debtor has failed to provide any banking statements from JP Morgan Chase to the Trustee.

q. On June 10, 2008, the Debtor deposited $31,422.66 into the Debtor's joint account at JP Morgan Chase with Homer King, which contained the funds from the Insurance Check.

r. Upon information and belief, the Debtor withdrew $2,000.00 of the Insurance Check prior to depositing the funds into her joint checking account with Homer King.

s. On May 29, 2009, the Trustee's counsel conducted the Rule 2004 Examination of Homer King.

t. Homer King testified that he was not aware that the Debtor received the Insurance Check or that the funds were deposited into his joint checking account with the Debtor.

u. Homer King testified that the Debtor does have access to the parties joint checking account, however, he does not have control over how the Debtor spends money from the joint checking account and he does not know how the Debtor spent the funds from the Insurance Check.

v. The Debtor has knowingly and willfully failed to turn over the funds from the Insurance Check in the amount of $33,422.66 and has spent a portion of the Insurance Check, which constitutes property of the bankruptcy estate.

w. A Temporary Restraining Order ("TRO") is needed to protect the estate.

x. As alleged in the Complaint, the funds from the Insurance Check are property of the estate which the Debtor transferred post petition.

y. The Plaintiff brought an action against Shirley and Homer King for turnover of property pursuant to 11 U.S.C. §542, to avoid and recover post petition transfer pursuant to 11 U.S.C. § 549, to recover and avoid transfer pursuant to 11 U.S.C. §550, and sued Shirley King, Homer King, and JP Morgan Chase for injunctive relief, which should have a high likelihood of success on the merits. The Court has already found that such funds are estate property and the Trustee is unaware of any reason for why such funds should not be returned to the estate.

z. The potential harm to the Plaintiff from a failure to grant the injunctive

RM:6437972:1

4

relief sought herein outweighs any potential harm to the Defendants if the injunctive relief is granted. Without the issuance of this Temporary Injunction, the Defendants, Shirley King, Homer King, and JP Morgan Chase will be free to withdraw, transfer or further dissipate the funds from the Insurance Check in the amount of $33,422.66 which was improperly transferred from the Debtor to Homer King. This prevents the Trustee from recovering the funds from the Insurance Check which are property of the estate. Homer King testified that he is not aware of how the Debtor spent the Insurance Check and that he has no control over how the Debtor spends funds from the joint checking account at JP Morgan Chase. Thus, the Plaintiff will suffer immediate irreparable injury, loss or damage and she does not have an adequate remedy at law because if the funds from the Insurance Check in the amount of $33,422.66 are not enjoined, the funds in the Defendants' joint checking account at JP Morgan Chase will be dissipated.

aa. The joint checking account of the Debtor and Homer King containing the funds from the Insurance Check is an asset of the estate that was never disclosed on the Debtor's Schedules. Since the joint checking account contains the funds from the Insurance Check, it remains to be property of estate and the Trustee seeks to obtain an injunction to freeze the dissipation of such funds, even though the joint checking account is in the names of both the Debtor and Homer King.

bb. The Plaintiff faces the threat of further and perhaps irreversible transfers of a valuable asset of the estate, that asset being the funds from the Insurance Check located at JP Morgan Chase. The Debtor has already been ordered to turnover such funds to the Trustee which she has failed and refused to do.

cc. The Defendants, Shirley King, Homer King, and JP Morgan Chase have no interest that counterbalances the harm to the estate.

dd. The issuance of a temporary restraining order and preliminary injunction in this case will not adversely affect the public interest and will benefit the

public interest by maintaining the status quo and preventing the continued conversion, withdrawal and dissipation of funds that remain on deposit in the Defendants' joint checking account at JP Morgan Chase.

Based on the foregoing facts of record and exhibits to the TRO Motion, the Court finds good cause to enter a temporary restraining order ("TRO") at this time. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court hereby enters a TRO, enjoining the Defendants, Shirley King, Homer King, and JP Morgan Chase from allowing the withdrawal, use, transfer, or any other dissipation or disposition, in any manner whatsoever, of any funds or credits that remain on deposit in the joint checking account at JP Morgan Chase of the Defendants, Shirley and Homer King up to a total sum of $33,422.66.

2. The immediate issuance of a TRO against the Defendants, Shirley King, Homer King, and JP Morgan Chase is necessary and appropriate under Fed. R. Bank. Proc. 7065 and Fed. R. Civ. Proc. 65(b) because immediate and irreparable injury will result to the Plaintiff if the Defendants, Shirley King, Homer King, and JP Morgan Chase are permitted to withdrawal, use, transfer, dissipate or dispose in any manner whatsoever, of any funds or credits that remain on deposit in the joint checking account at JP Morgan Chase of the Defendants, Shirley and Homer King, up to a total sum of $33,422.66. Rule 7065 provides that a bankruptcy court may grant an applicant's request for a temporary restraining order and for a preliminary injunction if the requesting party indicates that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) the movant will suffer irreparable harm unless the injunction is granted; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) the injunction, if granted, would not be adverse to the public interest and (5) there is no adequate remedy at law. ***In re Prime Motor Inns*, 131 B.R. 233 (Bankr. S.D. Fla. 1991); *In re Templeton*, 150 B.R. 214 (Bankr. N.D. Ill. 1993).**

3. Specifically, this Plaintiff would be irreparably harmed if the Defendants, Shirley King, Homer King, and JP Morgan Chase are permitted to withdrawal, use, transfer, dissipate or dispose in any manner whatsoever, any funds or credits that remain on deposit in the joint checking account at JP Morgan Chase of the Defendants, Shirley and Homer King, up to a total sum of $33,422.66.

4. It is, therefore, imperative that the Defendants, Shirley King, Homer King, and JP

Morgan Chase be enjoined from directly or indirectly withdrawing, using, transferring, or disposing of, in any manner whatsoever, of any funds or credits that remain on deposit in the joint checking account at JP Morgan Chase of the Defendants, Shirley and Homer King, up to a total sum of $33,422.66.

5. The joint checking account of the Debtor and Homer King containing the funds from the Insurance Check is an asset of the estate that was never disclosed on the Debtor's Schedules. Since the joint checking account contains the funds from the Insurance Check, it remains to be property of estate and the Trustee seeks to obtain an injunction to freeze the dissipation of such funds, even though the joint checking account is in the names of both the Debtor and Homer King.

6. Without obtaining a TRO, the Defendants, Shirley King, Homer King, and JP Morgan Chase would be allowed to dissipate the funds and assets in the Defendants' joint checking account at JP Morgan Chase, and therefore cause irreparable harm to the Plaintiff. By obtaining a TRO, the interests of all parties is served; and the Defendants, Shirley King, Homer King, and JP Morgan Chase will not be harmed or prejudiced.

7. A TRO and preliminary injunction are therefore necessary and appropriate to avoid irreparable harm to the Plaintiff pending the entry of a final order in this case. ***Productos Carnic, S.A. v. Central Am. Beef & Seafood Trading Co.***, **621 F.2d 683 (5th Cir. 1980)** (Affirmed temporary injunction restraining movement of beef pending final judgment in suit by seller to recover beef or its value from buyer); *See also*, ***Dekert v. Independence Shares Corp.***, **311 U.S. 282 (1940)** (Interlocutory injunction is proper where a specific fund or property will become the basis of final decree in a lawsuit).

8. The Plaintiff also has no adequate remedy at law if the Defendants, Shirley King, Homer King, and JP Morgan Chase are permitted to further convert and dissipate the funds in the Defendants' joint checking account at JP Morgan Chase. ***Fireman's Ins. Co. of Newark, New Jersey v. Keating***, **753 F.Supp 1146, 1153 (S.D.N.Y. 1990)** (A temporary injunction is appropriate where a non-movant's assets may be dissipated before final relief can be granted or where the non-movant threatens to remove its assets from the court's jurisdiction).

9. The Plaintiff has a substantial likelihood of prevailing on the merits because based on the Complaint and the exhibits attached, Shirley King transferred property of the estate to Homer King post petition by depositing the funds from the Insurance Check in the Defendants'

RM:6437972:1

joint checking account at JP Morgan Chase. The Debtor has also spent part of the funds from the Insurance Check, thereby, dissipating property of the estate, despite the numerous requests by the Trustee for turnover of such funds and despite this Court's order requiring such funds to be turned over to the Trustee (DE #34).

10. Accordingly, the Court finds that the Plaintiff is entitled to an injunction against the Defendants, Shirley King, Homer King, and JP Morgan Chase enjoining the Defendants, Shirley King, Homer King, and JP Morgan Chase from directly or indirectly allowing the withdrawal, use, transfer, or any other dissipation or disposition, in any manner whatsoever, of any funds or credits that remain on deposit in the joint checking account at JP Morgan Chase of the Defendants, Shirley and Homer King, up to a total sum of $33,422.66.

11. The issuance of the TRO and preliminary injunction in this case will not adversely affect the public interest and will benefit the public interest by maintaining the status quo and preventing the continued conversion, withdrawal and dissipation of funds that remain on deposit in the joint checking account at JP Morgan Chase of the Defendants, Shirley and Homer King, up to a total sum of $33,422.66.

12. On **16th** day of **June**, 2009 at the U.S. Bankruptcy Court at **1:30** ~~a.~~/p.m. Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor - Courtroom B, West Palm Beach, FL 33401, a hearing shall be held on that portion of the Trustee's motion that requests the entry of a preliminary injunction.

13. All papers filed in opposition to the terms of this Order shall be personally delivered to counsel for the Plaintiff by 4:30 p.m. at least five (5) business days prior to the date of the hearing and any reply papers filed by the Plaintiff shall be personally delivered to counsel(s) for the Defendants by 4:30 at least two (2) business days prior to the date of the hearing.

14. The Court reserves jurisdiction over the parties and the cause for purposes of enforcing this Order.

15. The Trustee is authorized to record this TRO in the public records.

###

Submitted by:
Marla B. Neufeld, Esq.
222 Lakeview Ave., Suite 800
West Palm Beach, FL 33401
Telephone (561) 238-9900
Facsimile (561) 238-9920

**[Marla Neufeld, Esq. shall furnish a conformed copy of the Order to the parties listed below and shall file a certificate of service with the Court]**

### Electronic Mail Notice List

- Michael R Bakst    efilemrb@ruden.com, FL65@ecfcbis.com;Efile2557@ruden.com;Efile2556@ruden.com
- Michael R. Bakst    efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com
- Marla B Neufeld    efile1542@ruden.com, efile2550@ruden.com;efile2565@ruden.com

### Manual Notice List

Shirley Jean King and Homer King
422 SW 4 Ave
Boyton Beach, FL 33435

JP Morgan Chase
222 Lakeview Ave.
West Palm Beach FL 33401

JP Morgan Chase & Co.
C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

RM:6437972:1